IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>**HDD ROTARY SALES, LLC**<br><br>DEBTOR. | §<br>§<br>§<br>§<br>§<br>§ | **Case No.  11-38053**<br>**Chapter 11** |

### EXPEDITED MOTION TO SET ACCELERATED BAR DATE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE MARVIN ISGUR, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

**HDD ROTARY SALES, LLC** (the "Debtor-in-Possession" or "Debtor" or "HDD"), by and through its Chief Restructuring Officer, Wayne Fuquay, hereby files this Expedited Motion to Set Accelerated Bar Date.  In support thereof, HDD states:

I. STATEMENT OF JURISDICTION AND VENUE

1. The Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334 and 157. These matters concern the administration of these bankruptcy estates; accordingly, the matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2).

1. On September 23, 2011, HDD filed a voluntary case under Chapter 11 of the Bankruptcy Code. Wayne Fuquay was appointed as the Chief Restructuring Officer ("CRO") of the Debtor by order entered on September 30, 2011, ECF Document 40. As the CRO, the Court has granted Mr. Fuquay all rights, powers and responsibilities as a trustee in a chapter 11 case.

2. The CRO would ask this Court for an order setting an accelerated bar date for the filing of proofs of claim. Currently, the bar date for all creditors (except a governmental unit) is January 23, 2012.

3. The Court has already heard evidence from the CRO that over the next thirty to sixty days Debtor needs to arrange for the sale of its assets pursuant to a bid process and an auction, and that such an accelerated sales process is in the best interests of the estate.

4. The CRO still believes that the Debtor can continue operations on a limited basis over the next 30 to 60 days, suffering only minimal, if any, losses. The CRO believes that maintaining the Debtor as an ongoing business will enhance its prospects for a sale. It is still the opinion of the CRO that continuing operations is in the best interests of the estate.

5. The CRO, on behalf of the bankruptcy estate, intends on filing a combination plan/disclosure statement by October 17, 2011, and proceeding to an auction sale and confirmation hearing by the end of November 2011.

6. Accelerating the bar date from its current date to November 15, 2011, would assist the CRO and all parties in interest in determining the number and amount of claims against

the Debtor's estate prior to plan confirmation.

## IV.  RELIEF REQUESTED

7.  Bankruptcy Rule 3003(c)(3) permits the Court to fix the date within with creditors must file claims.  Bankruptcy Rule 9006(c) permits the Court, upon a showing of cause, to reduce the time for taking action specified by the Bankruptcy Rules, notice or by order of the Court, such as the original claims bar date set for January 23, 2012.  Good cause exists to expedite the sale of the company and its assets.  The Court has already recognized that a sale through a confirmed plan would be beneficial and necessary in a case such as this one where a certain amount of controversy and complexity exists.  Having a fix on the creditor body before confirmation would permit the Debtor, its creditors and parties in interest to estimate with somewhat more certainty what the expected recovery will be in this case from a sale of the company and its assets.  Therefore, good cause exists to support the setting of an earlier bar date for filing claims, sometime in mid-November 2011.

WHEREFORE, the Debtor prays that the Court enter the proposed Bar Date Order submitted with this Motion, and further prays for such other and further relief as is just.

Respectfully submitted this 11th day of October 2011.

> */s/ Leonard H. Simon*
> **Leonard H. Simon, Esq.**
> TBN: 18387400; SDOT: 8200
> The Riviana Building
> 2777 Allen Parkway, Suite 800
> Houston, Texas 77019
> (713) 737-8207 (Direct)
> (832) 202-2810 (Direct Fax)
> lsimon@pendergraftsimon.com
> **PROPOSED COUNSEL FOR DEBTOR**

**OF COUNSEL:**
**PENDERGRAFT & SIMON**
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, Texas 77019
(713) 528-8555 (Main)
(713) 868-1267 (Main Fax)

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served by electronic transmission to all registered ECF users appearing in the case on this 11th day of October 2011, including the U.S. Trustee. Further, this Motion and the Order approving same has been emailed on this date to the creditors who appear on the Twenty Largest Unsecured Creditors' list filed with this Court and all Secured Creditors of the Debtor, being Post Oak Bank of Conroe, Midsouth and the holders of the Abstracts of Judgment. Further on this date, this Motion and the Order approving same has been served by fax on the Internal Revenue Service through Rita Galvan, in the Bankruptcy Section, Houston, Texas.

/s/ Leonard H. Simon
Leonard H. Simon